WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miles Parish,<br><br>          Plaintiff,<br><br>v.<br><br>Troy Lansdale, et al.,<br><br>          Defendants. | No. CV-17-00186-TUC-JGZ<br><br>**ORDER** |

      Pending before the Court is Plaintiff's "Motion in Limine # 1: Preclude Speculative and Irrelevant Opinion Re: Drug/Alcohol Use." (Doc. 121.)  Defendants oppose Plaintiff's Motion.  (Docs. 137, 143.)  The Court heard oral argument on the motion on April 12, 2021.  Upon consideration of the parties' briefing and oral argument, the Court will grant Plaintiff's Motion.

**I.    Background**

      Plaintiff brings federal and state claims arising from a December 13, 2015 altercation with Tucson Police Department Officers Troy Lansdale and Bradley Kush. Plaintiff alleges that while Defendants Lansdale and Kush were investigating a complaint about a loud party, they illegally entered Plaintiff's home and pulled him outside, taking him to the ground where Defendant Lansdale struck him.  Plaintiff's claims include that Defendants Lansdale and Kush illegally entered his home "due to racial animus against African Americans" in violation of the Fourth Amendment. (Doc. 92, pp. 3-4.)

      Plaintiff claims that several of his teeth were dislodged during the altercation with

the officers.  (*See* Doc. 42, ¶ 60.)  On March 2, 2016, Plaintiff saw John Day, DMD, to determine the repair costs for his teeth.  (Doc. 121, p. 3.)  Dr. Day's notes from the visit include notations that Plaintiff presented with a "strong odor of alcohol and marijuana on his clothes and breath" and "[r]e-evaluate this patient on a better day.  Incoherent, poor attention, listless—get neurological evaluation—head/brain injury may be in history."  (Doc. 137-1, pp. 6, 7)  Dr. Day's notes also include his findings upon examination concerning the mobility of Plaintiff's teeth at the injury site, recommendations for treatment, and estimated costs.  (*Id.* at p. 6.)

At his deposition, Plaintiff denied that he had a strong odor of alcohol or marijuana when he saw Dr. Day.  (*Id.* at p. 19.)  When Plaintiff was asked why Dr. Day would include such a description in his notes, Plaintiff stated that Dr. Day told Plaintiff that he had looked Plaintiff up on the internet and read about him.  (Doc. 137, p. 4.)  Plaintiff further explained that Dr. Day "might have been biased." (*Id.*)  Plaintiff agreed that by this statement, he meant that Dr. Day was out to get Plaintiff.  (*Id.*)

**II.    Discussion**

Defendants intend to introduce Dr. Day's observations to establish that Plaintiff failed to mitigate his damages, to corroborate officer and witness statements that Plaintiff was intoxicated on the night of the incident,[1] and to show Plaintiff's state of mind in that he perceives that the officers and, now, Dr. Day, are biased against him based on race.  Plaintiff does not intend to introduce evidence from Dr. Day.

Pursuant to Rules 402 and 403, Fed. R. Evid., Plaintiff seeks to preclude Dr. Day's observations that Plaintiff was intoxicated and smelled of alcohol or marijuana.  The Court agrees with Plaintiff that this evidence should be precluded under Rules 402 and 403.[2]

---

[1] The parties dispute whether Plaintiff was intoxicated on the night of the incident.

[2] The Court rejects Plaintiff's alternative argument that Dr. Day's records are inadmissible because of a discrepancy in Plaintiff's birthdate on a handwritten form.  Plaintiff admits he saw Dr. Day and that Dr. Day's forms include other information pertinent to Plaintiff such as his address, his stepfather's name, and his signature. (Doc. 137, p. 3.)

The evidence has little relevance to mitigation of damages. The duty to mitigate focuses on the plaintiff's duty to prevent the aggravation of injuries already received and to affect a recovery from those injuries. *Miller v. Lovett,* 879 F.2d 1066 (2nd Cir. 1989), *abrogated on other grounds by Graham v. Connor*, 490 U.S. 386 (1989). Defendants bear the burden of demonstrating that the plaintiff failed to take reasonable steps to mitigate damages. *See* Martin A. Schwartz, *Section 1983 Litigation Claims and Defenses*, § 16.08 (4th ed.) (collecting cases). Dr. Day examined Plaintiff, recommended treatment, and provided estimated costs. Defendants fail to explain how any delay in treatment by Dr. Day aggravated Plaintiff's injuries or affected his recovery.

Dr. Day's observations are also not relevant to Defendants' assertion that Plaintiff was intoxicated on December 13, 2015. Alleged intoxication in March 2016 does not tend to make it more or less likely that Plaintiff was intoxicated two months earlier on the night of the incident. To admit this evidence would call for jury speculation based on an unsupported inference that Plaintiff's conduct on the day of his visit with Dr. Day was the same as on the incident night.

The evidence is also inadmissible under Rule 403. Dr. Day's observations not only place Plaintiff in an unfavorable light, but a jury could unfairly infer that Plaintiff was intoxicated on the night of the incident even though the doctor's notes do not pertain to Plaintiff's state during the incident. Additionally, permitting the evidence would waste time and confuse the issues by introducing a collateral issue: an event that is unrelated to the incident.

Plaintiff's statement that Dr. Day described Plaintiff as he did because he might have been biased against Plaintiff is also irrelevant. Whether Plaintiff perceived Dr. Day to be biased against him in March 2016 does not tend to prove or disprove the Defendant officers' motivation for their actions in December 2015. Even if Plaintiff's statement is relevant to show he believes many are biased, it is inadmissible under Rule 403. Any probative value is outweighed by waste of time and confusion of the issues caused by focusing on a collateral issue that does not remotely involve Plaintiff's 2015 encounter

with police.

Accordingly,

IT IS ORDERED that Plaintiff's "Motion in Limine # 1: Preclude Speculative and Irrelevant Opinion Re: Drug/Alcohol Use" (Doc. 121) is GRANTED. Defendants may not question witnesses, refer to, or present argument relating to (1) Dr. Day's notes that Plaintiff was intoxicated and smelled of alcohol and marijuana, or (2) Plaintiff's statement that Dr. Day made the notes because he might have been biased against Plaintiff.

Dated this 21st day of April, 2021.

_____
Honorable Jennifer G. Zipps
United States District Judge