**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Miles Parish,

          Plaintiff,

v.

Troy Lansdale, et al.,

          Defendants.

No. CV-17-00186-TUC-JGZ

**ORDER**

Pending before the Court is Defendants' Joint Motion in Limine No. 3. (Doc. 165.) Defendants seek to bar Plaintiff's treating psychologist, Dr. Amy Athey, from providing "expert testimony" and to require Plaintiff to redact references to "post-traumatic stress" symptoms and the diagnosis of "acute stress reaction" from her late-disclosed medical notes. Plaintiff filed a response. (Doc. 170.) A hearing on the motion was held on May 5, 2021. After consideration of the parties' written and oral arguments, the Court will grant the motion in part.

## I. Background

In this action Plaintiff Miles Parish alleges that his constitutional rights were violated on December 13, 2015, when Tucson Police Department officers Lansdale and Kush responded to a loud party call at Parish's house near the University of Arizona. On the eve of the pandemic, trial was set for October 2020. The trial date was continued three additional times (January 11, February 8, and May 25, 2021). At issue in the pending motion in limine is Plaintiff's disclosure of witness Dr. Amy Athey.

1  On October 11, 2017, in response to an interrogatory asking Plaintiff to identify all
2  healthcare providers seen "from December 12, 2012 to present," Plaintiff first identified
3  Dr. Athey, a University of Arizona psychologist. (Doc. 165, p. 2; Doc. 170, p. 1.)  Plaintiff
4  stated he did not have the doctor's physical address or phone number, but believed she
5  worked through Campus Health and/or Banner Medical. (*Id.*) Plaintiff also provided a
6  release to obtain the requested information. (*Id.*)

7  On December 1, 2017, Plaintiff timely disclosed Dr. Athey as part of his "Lay
8  Witness Disclosures," describing her expected testimony as "Mr. Parish's mental state after
9  the incident."[1] (Doc. 165-1, pp. 2, 4.)

10  Defendants issued subpoenas to the University of Arizona and Banner requesting
11  Mr. Parish's healthcare records.  (Doc. 165, p. 2; Doc. 170, p. 1.) No records evidencing
12  care by Dr. Athey were produced in response to the subpoenas.  (Doc. 165, p. 2; Doc. 170,
13  p. 2.)

14  On November 4, 2019, in relation to the parties preparation of the Joint Pretrial
15  Order in which Plaintiff listed Dr. Athey as a trial witness, defense counsel asked Plaintiff's
16  counsel via email if he disclosed any records from Dr. Athey. (Doc. 165, p. 3.) Plaintiff's
17  counsel did not respond.  (*Id.*)

18  In October 2020, Plaintiff's counsel and Sarah Nelson, University of Arizona
19  Associate General Counsel, began exchanging emails regarding the scheduling of two
20  University witnesses for the then-February 2021 trial. (Doc. 170, p. 10.) On December 2,
21  2020, Ms. Nelson requested that Plaintiff provide the University witnesses their medical
22  notes at trial as neither witness will have looked at or reviewed those notes before trial.
23  (*Id.* at p. 9.)  Plaintiff's counsel responded: "We did not receive any of Ms. Athey's notes.
24  We expected them to come with the Campus Health notes, and it appears they were
25  coordinating his treatment from Dr. Porter's notes." (Doc. 170, p. 8.) Ms. Nelson wrote she
26  "just assumed there were some, but it would be odd for you not to receive them with the
27  Campus Health Notes." (*Id.* at 7.)  After some investigation, on December 10, 2020, Ms.

28

[1] The deadline to disclose lay witnesses was February 1, 2018. (Doc. 25.)

1    Nelson wrote Plaintiff's counsel: "As it turns out, Athletics (C.A.T.S) has their own records that although are kept in the CHS [Campus Health Services] system, are firewalled from access by CHS folks." (*Id.* at 6.)[2]  Ms. Nelson provided Plaintiff with a release for CAPS, the mental health side of things, and suggested, to be prudent, that counsel also send the request to CAPS at the same time, just in case. (*Id.*) Ms. Nelson attached two additional release of information forms for Plaintiff to sign. (*Id.*)

At that same time, in December 2020, Plaintiff's counsel alerted defense counsel of the existence of additional records. (Doc. 170, p. 2.)  Plaintiff obtained and then disclosed Dr. Athey's treatment notes to defense counsel on March 2, 2021.  (Doc. 165, p. 3.)

Dr. Athey's notes consist of 7 pages, evidencing six appointments:  August 22 and December 14, 2015; January 25, February 9, April 4, and April 11 of 2016.  Plaintiff scheduled but did not show up for an appointment on April 15, 2016.  The note dated December 14, 2015 pertains to a "crisis appointment" that occurred shortly after the incident at issue in this lawsuit.  The "Subjective" portion of the note includes the reason for the visit, Plaintiff's description of what happened with TPD the previous weekend, and, relevant to this motion, the statement: "Patient related experiencing post-traumatic stress symptoms, including, hyperarousal, sleep and appetite disturbance, startle response, and panic symptoms."[3]  Under the "Assessment" section of the note, Dr. Athey gave as a diagnosis "Acute Stress reaction."

A video deposition of Dr. Athey is scheduled for May 20, 2021.

## II.    Discussion

Defendants state they have no objection to a deposition of Dr. Athey for the purposes of authentication of the medical records and to elicit lay opinion regarding plaintiff's "mental state after the incident," but Dr. Athey should not be permitted to testify as to anything more.  Defendants specifically seek to prevent any reference to Dr. Athey's diagnostic observations, "e.g. that plaintiff was 'experiencing post traumatic stress

---

[2] Mr. Parish was an athlete at the University.

[3] A copy of Dr. Athey's records were emailed to chambers. (*See* Doc. 186.)  They have not been made part of the record.

1    symptoms;'"  her diagnosis of acute stress reaction; or provide an expanded opinion that

2    Plaintiff suffered from PTSD or some other psychological disorder as a result of his police

3    encounter on December 13, 2015. (Doc. 165, p. 3.)  Defendants argue that as a lay witness,

4    Dr. Athey's opinions cannot be based on scientific, technical or other specialized

5    knowledge. (Id. at 4.)   Pursuant to Fed. R. Civ. P. 37(c), Defendants also argue that, to

6    the extent that Plaintiff seeks to elicit testimony that depends on specialized knowledge,

7    the testimony should be barred for failure to disclose under Fed. R. Civ. P. 26(a)(2)(A) and

8    (C).

9       **A.  Dr. Athey is a Hybrid Lay and Expert Witness**

10          "Whether a treating physician's testimony is expert testimony . . . or non-expert

11   testimony (including non-expert opinions subject to Rule 701) must be determined by

12   looking at the Federal Rules of Evidence." *Alsadi v. Intel Corp.*, CV-16-03738-PHZ-DGC,

13   2020 WL 4035169, *13 (D. Ariz. July 17, 2020) "Lay witness testimony is governed by

14   Rule 701, which limits opinions to those 'rationally based on the perception of the

15   witness.'" *United States v. Figuerora-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997). "Rule

16   702, on the other hand, governs admission of *expert* opinion testimony concerning

17   '*specialized* knowledge.'"[4] *Id.* (emphasis in original). "The mere percipience of a witness

18   to the facts on which he wishes to tender an opinion does not trump Rule 702." *Id.*

19          Dr. Athey is a hybrid witness.  Some of her anticipated testimony will be purely

20   factual, i.e., "I saw Mr. Parish for an appointment on December 14, 2015." Other

21   testimony, like opinions regarding Mr. Parish's diagnosis, will be based on her technical

22   and specialized knowledge as a psychologist.  As to her opinions, Dr. Athey will be giving

23   expert testimony which is subject to the expert disclosure requirements set forth in Rule

24   26(a)(2)(A), Fed. R. Civ. P.  *See* Fed. R. Evid. 701, Advisory Committee Notes.

25      **B.  Expert Disclosure Requirements and Sanctions**

26          A treating physician is "exempt from Rule 26(a)(2)(B)'s written report requirement

27   to the extent that [the physician's] opinions were formed during the course of treatment."

28   _____

     [4] Rule 701 further provides that lay opinion testimony is one that is "not based on
     scientific, technical, or other specialized knowledge within the scope of Rule 702."

1    *Goodman v. Staples The Office Superstore, LLC.*, 644 F.3d 817, 824 (9th Cir. 2011); *see*

2    *also R.W. v. Board of Regents of the Univ. Sys. of Georgia*, 114 F. Supp. 3d. 1260 (N.D.

3    Ga. 2015) ("[T]he reasoning and principles of case law regarding treating physicians also

4    applies to treating psychologists."). Nonetheless, Rule 26(a)(2) requires parties to disclose

5    the identity of any expert the party may use at trial to present evidence under Fed. R. Evid.

6    702 and a summary of the facts and opinions to which the witness is expected to testify.

7    Fed. R. Civ. P. 26(a)(2)(A) & (C). "If a party fails to provide information or identify a

8    witness as required by Rule 26(a) or (e), the party is not allowed to use that information or

9    witness to supply evidence . . . at trial, unless the failure was substantially justified or

10   harmless." Fed. R. Civ. P. 37(c).

11        Plaintiff timely identified Dr. Athey as a University of Arizona psychologist who

12   treated Plaintiff and could provide information on Plaintiff's mental state after the incident.

13   Although Plaintiff categorized Dr. Athey as a lay witness instead of an expert witness, the

14   disclosure of the witness's position and fact of treatment was sufficient to put Defendants

15   on notice that Dr. Athey likely fell in the hybrid expert category. The Court thus finds that

16   the failure to explicitly identify Dr. Athey as an expert witness is harmless.

17        Plaintiff did not timely disclose a summary of the facts and opinions to which Dr.

18   Athey was expected to testify. Presumably the facts and opinions attributable to Dr. Athey

19   are contained in Dr. Athey's notes which Defendants were made aware of in February 2021

20   and which were provided to Defendants in March 2021. Although the Court does not

21   condone Plaintiffs' failure to exercise more diligence in tracking down Dr. Athey's records,

22   the Court concludes that Plaintiff is substantially justified in failing to obtain the records

23   in light of the manner in which the records were maintained. Like University of Arizona

24   counsel, the parties were unaware that Plaintiff's mental health records were kept in a

25   firewalled system due to his status as an athlete. At oral argument, Plaintiff's counsel also

26   revealed that he attempted to interview Dr. Athey to obtain the necessary disclosure

27   information. The interview, however, was not permitted. Based on these circumstances,

28   the Court finds that the late disclosure is substantially justified. The Court further finds

1    that the failure to disclose the notes (Dr. Athey's opinions) is harmless.  From the beginning

2    of this action Plaintiff has claimed emotional distress and Plaintiff testified at his deposition

3    that the incident gave him PTSD.  Accordingly, Dr. Athey may testify as a percipient

4    witness and offer expert opinions formed during her treatment of Plaintiff to the extent that

5    the opinions are included in her notes.  The requests to bar Dr. Athey's testimony as to her

6    opinions and to redact references to "acute stress reaction" contained in the notes will be

7    denied.

8           As to Defendants' request to prevent any reference to Dr. Athey's diagnostic

9    observation "that plaintiff was 'experiencing post-traumatic stress symptoms,'" the Court

10   cannot conclude on this record that Dr. Athey reached such a conclusion.  The portion of

11   the note at issue pertains to Plaintiff's statement that he was experiencing post traumatic

12   symptoms, not that Dr. Athey observed such or diagnosed Plaintiff with post-traumatic

13   stress syndrome.[5]  If Dr. Athey did or does conclude that PTSD was an appropriate

14   diagnosis, Rule 37(c) precludes that opinion from being offered at trial as it was not

15   contained in her notes or any disclosure.  Fed. R. Civ. P. 37(c).

16          At oral argument, defense counsel also requested that the Court bar Plaintiff from

17   testifying that he had PTSD or from characterizing his symptoms as PTSD related because

18   Plaintiff is not a doctor. The Court will deny the request.  Plaintiff may be permitted to

19   testify as to his own symptoms or feelings. Cross-examination is a "traditional and

20   appropriate means of attacking shaky but admissible evidence." *United States v. Finley*,

21   301 F.3d 1000, 1014 (9th Cir. 2002) (citation and internal quotation marks omitted).

22   //

23   //

24

25   _____

     [5]     Dr. Athey's medical notes state that, "Patient related experiencing post-traumatic
     stress symptoms, including, hyperarousal, sleep and appetite disturbance, startle response,
26   and panic symptoms." At oral argument, counsel for Plaintiff represented that it is not his
     intention to elicit from Dr. Athey that Plaintiff has PTSD in light of her not formally
27   diagnosing him with PTSD but instead with acute stress reaction. Moreover, the
     characterization of Plaintiff's symptoms as PTSD related is his own characterization
     because the statement was within Dr. Athey's subjective notes section which detail
28   Plaintiff's statements. Therefore, the Court will also deny the request to redact this portion
     of Dr. Athey's notes.

1

**III.     Conclusion**

2          For the foregoing reasons,

3          **IT IS ORDERED** that Defendants' Joint Motion in Limine No. 3 (Doc. 165) is

4   **GRANTED IN PART AND DENIED IN PART** as set forth in this Order.

5          This Order only addresses objections related to the failure to disclose and does not

6   address other appropriate objections under the Federal Rules of Evidence.

7          Dated this 17th day of May, 2021.

8

9

10                                              _____

11                                              Honorable Jennifer G. Zipps
                                                United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28